IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| IN THE MATTER OF: | ) | CASE NO. BK05-43475 |
| | ) | |
| NICHOLE DAWN HUNT, | ) | CH. 13 |
| | ) | |
| Debtor(s). | ) | |

## MEMORANDUM

Hearing was held in Lincoln, Nebraska on April 26, 2006, regarding Filing No. 14, Objection to Claim of Robert L. Frerichs, filed by the debtor, and Filing No. 15, Resistance, filed by Robert Frerichs. Paul W. Rea appeared for the debtor and John Boehm appeared for Robert Frerichs. This memorandum contains findings of fact and conclusions of law required by Federal Rule of Bankruptcy Procedure 7052 and Federal Rule of Civil Procedure 52. This is a core proceeding as defined by 28 U.S.C. § 157(b)(2)(B).

The debtor has objected to the claim of Robert L. Frerichs. Mr. Frerichs does business as RLF Investments, Cash Advance, in Lincoln, Nebraska. The business is a "delayed deposit services business licensed with the Nebraska Department of Banking pursuant to Neb. Rev. Stat. § 45-901, et seq. (Reissue 2004)."

The debtor borrowed $250 from the business and, in consideration therefor, gave a check made payable to the business in the amount of $294.12. The $44.12 was the fee or finance charge for the privilege of borrowing $250 on August 18, 2005, and repaying the original principal amount plus the fee on September 1, 2005. The contract executed by the debtor and Mr. Frerichs also provided that the debtor would pay a penalty of $15 as authorized by Neb. Rev. Stat. § 45-917(1)(c) if the check issued in connection with the agreement was not negotiable on the presentment date, September 1, 2005.

The contract also stated, "Your personal check is security for your obligations under this Agreement."

The debtor filed Chapter 13 on August 30, 2005, prior to the "presentment date" under the contract.

Mr. Frerichs, on behalf of his business, filed a secured claim, asserting that the check was security for the loan. The debtor has objected to the secured status of the check.

There is nothing in the authorizing legislation, Section 45-901 *et seq.*, which would indicate that a check represents collateral. Section 45-902(2) defines a delayed deposit services business as:

> any person who for a fee (a) accepts a check dated subsequent to the date it was written or (b) accepts a check dated on the date it was written and holds the check for a period of days prior to deposit or presentment pursuant to an agreement with or any representation made to the maker of the check, whether express or implied[.]

Neb. Rev. Stat. Ann. § 45-902(2).

In other words, the company may enter into a contract or agreement with the person writing a check and, subject only to some restrictions contained elsewhere in the statute, may agree on the amount of the fee which will be charged for such service and may agree upon the amount of the penalty which may be charged to the maker of the check if the check is not negotiable on the presentment date.

A personal check tendered as payment for an obligation is a conditional payment of that obligation. Neb. U.C.C. § 3-310(b). The obligation is suspended until the check is dishonored or paid. Neb. U.C.C. § 3-310(b)(1). The debtor's bankruptcy filing excused the creditor's presentment of the check for payment. Neb. U.C.C. § 3-504(a)(ii). As a result, the check is considered dishonored. Neb. U.C.C. § 3-502(e). The creditor therefore is entitled to enforce either the instrument or the obligation. Neb. U.C.C. § 3-310(b)(3).

Article 9 of the U.C.C. governs the creation and perfection of security interests. It is difficult to ascertain how the exchange of a personal check for cash, with no collateral other than a promise to pay, creates a security interest. Article 9 specifically excludes deposit accounts from use as collateral in consumer transactions, Neb. U.C.C. § 9-109(d)(13), so the creditor could not have received a security interest in the debtor's checking account via this transaction. However, one circuit court of appeals has suggested that state bad-check laws could create the "value" necessary to constitute collateral for a delayed-payment check because the creditor has additional remedies under such statutes. Smith v. Cash Store Mgmt., Inc., 195 F.3d 325 (7th Cir. 1999). The Smith case was not a bankruptcy case. The decision was issued in the context of alleged violations of the Truth in Lending Act. One of the allegations centered on whether the "payday lender" inaccurately stated in its contracts that a borrower's "post-dated check is security for this loan." In holding that the statement was not inaccurate, the court was careful to note that its determination that the check may be security "is not to say that by putting up a check as collateral, a lender like Cash Store necessarily takes a security interest in the *amount* printed on the face of the instrument." Id. at 331. The partial dissent clarified that issue by stating, "While possessing a post-dated check does not create a 'security interest' as that term is usually understood, possession of the check nevertheless provided the Cash Store with added security for the loan." Id.

Regardless of whether Mr. Frerichs ever had a security interest as a result of his transaction with the debtor, it appears that having the check statutorily deemed dishonored rendered his claim unsecured. As explained in EZ Cash 1, L.L.C. v. Brigance (In re Brigance), 234 B.R. 401 (W.D. Tenn. 1999),

> Since the check itself represents only an unsecured order to pay, if EZ Cash chose to enforce the check, it had only an unsecured claim. On the other hand, if EZ Cash chose instead to enforce the underlying obligation, it lost the option to sue on the check and therefore lost its security interest in the check. Thus, either choice results in EZ Cash being unsecured.

234 B.R. at 405.

I conclude that the claim of the creditor in this case is unsecured.  It is simply based upon a contract between the debtor and the creditor.  The check represents a promise of the debtor to comply with the terms of the contract.  The debtor can breach the contract in a variety of ways, including failing to have sufficient funds in the account on the date of presentment.  A breach of a contract does not create a secured claim.  Execution of a contract with a promise to pay does not

              Document      Page 3 of 3

create a secured claim.

    Separate order will be entered.

    DATED this 1st day of May 2006.

                                         BY THE COURT:

                                         /s/ Timothy J. Mahoney
                                         Chief Judge

Notice given by the Court to:
    *Paul W. Rea
    John Boehm
    Kathleen Laughlin
    U.S. Trustee

Movant(*) is responsible for giving notice of this order to all other parties not listed above if required by rule or statute.